UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RUSSELL STEVEN LAPOINTE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Nos. 2:15-CV-171<br>) 2:15-CV-172 |
| MIDLAND FUNDING, LLC<br>MIDLAND CREDIT MANAGEMENT, INC., | )<br>)<br>) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

These matters are before the Court on the plaintiff's Motions for Attorney's Fees and Costs, [Doc. 22 in No. 2:15-CV-171 and Doc. 19 in No. 2:15-CV-172].[1] The defendants have responded, and the plaintiff has replied. The matters are ripe for review. For the reasons that follow, the motions are GRANTED IN PART AND DENIED IN PART.

The plaintiff filed his Complaints, which raise claims under the Fair Debt collection Practices Act ("FDCPA"), on June 22, 2015. The two Complaints are virtually identical. They raise claims against the same defendants for violations of the FDCPA regarding the collection to two debts originally incurred by the plaintiff to two different creditors, i.e. Wal-Mart and JCPenney. Defendants filed their Answers on August 24, 2015. On the same day, the defendants filed a Motion to Consolidate in case number 2:15-CV-171, [Doc. 10]. Also on the same day, the defendants tendered Offers of Judgment to the plaintiff in both cases. These

---

[1] From this point forward, this Memorandum Opinion will only refer to the filings in case number 2:15-CV-171. The Court has thoroughly reviewed all filings in both cases. All filings, for purposes of these motions, are essentially the same and at times identical. Moreover, prior to the offers of judgment in both cases, the defendants moved to consolidate the cases. However, the offers of judgment rendered the motion moot. In addition, the defendants have asked the Court to take judicial notice of the filings in each case. The Court will do so.

Offers consented to Judgments against the defendants for $1001.00 plus attorney's fees and costs for each case.

According to plaintiff's counsel's records, counsel began working on responses to the Motion to Consolidate the same day the defendants tendered the Offers of Judgment on August 24, 2015. Counsel's time records confirm that he waited until September 8, 2015, to inform the plaintiff of defendants' Offers of Judgment. Plaintiff accepted these offers the same day they were presented to him. Almost two hours before filing notices of accepting the Offers of Judgment, plaintiff's counsel filed responses to the Motion to Consolidate.

On September 8, 2015, the plaintiff notified the Court of his acceptance of the Offers of Judgment by filing notices with the Court. The Court entered the Judgments on September 9, 2016. Thus, the Motion to Consolidate was rendered moot. Then, on September 23, 2015, the defendants tendered to plaintiff two checks for $1,001.00.

On October 19, 2015, plaintiff's counsel filed the instant Motions for Attorney's Fees and Costs. In case number -171, counsel seeks $7,133.00 in attorney's fees and costs of $470.90 in costs for a total of $7,603.90. In case number -171, counsel seeks $6,650.50 in attorney's fees and $467.47 in costs for a total of $7,117.97.

The defendants argue that the total request of $14,721.97 for duplicative and unnecessary work on two identical lawsuits should not be honored and the award should be reduced. The defendants further argue that the cases should have been brought in one suit, that a majority of the work claimed was performed after the Offers of Judgment, and that the hourly rate is excessive.

The FDCPA provides, in material part, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable [for] . . . the costs of the action,

2

together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see also Cotner v. Buffaloe & Assocs.*, PLC, 3:11-CV-299, 2012 WL 1670552, at *1 (E.D. Tenn. May 14, 2012) (Jordan, J.). A party seeking attorney's fees under a federal fee shifting statute such as the FDCPA bears the burden to show she is entitled to the amount requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citations omitted). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Reed*, 179 F.3d at 472 (citing *Hensley*, 461 U.S. at 433). The award of attorney's fees is left to the district court's exercise of discretion within the appropriate parameters, which are discussed below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2.

Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the "lodestar" method of multiplying the number of hours reasonably expended by a reasonable hourly rate. *Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471. The reasonableness of the hours expended and the attorney's hourly rate must be considered on a case-by-case basis. *Hensley*, 461 U.S. at 429.

Courts may consider several factors to determine the basic lodestar fee and whether to make adjustments to it. *See Hensley*, 461 U.S. at 434 n.9; *Reed*, 179 F.3d at 471. Factors relevant to determination of the lodestar and any adjustments are: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the

3

results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Reed*, 179 F.3d at 472 n.3 (citations omitted).

While the lodestar method is the appropriate starting place for determining attorney's fees, the inquiry does not end there. *See id.* at 472. Other considerations may lead the district court to adjust the fee. *See id.* "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436); *see also Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994). Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney's fees. *Farrar*, 506 U.S. at 115; *see also Cramblit*, 33 F.3d at 635. Where the plaintiff achieves only partial success against the defendant, the district court must consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

Finally, federal fee shifting statutes do not provide for enhancements of fees in order to compensate for the risk of nonpayment when an attorney takes a case on a contingency basis. *City of Burlington v. Dague*, 505 U.S. 557, 561-63 (1992) (federal fee shifting statutes which authorize a court to award "reasonable attorney's fees" to a "prevailing or substantially prevailing party" do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993) (holding no fee enhancement due to counsel for taking a

4

case which impinges significantly on a small practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n. 4 (6th Cir. 1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance." (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986))).

Again, the defendants argue that the work claimed is duplicative and unnecessary for several reasons. The defendants argue that the cases should have been brought in one suit. However, the Offers of Judgment rendered the Motion to Consolidate moot. Therefore, there were two separate Judgments and two separate awards. The costs are separate as well. However, in many instances, the plaintiff has billed for the same work in both cases. To the extent that counsel argues that the time was just split in half between the two cases, the total time for performing those tasks was excessive and unreasonable. Moreover, plaintiff's counsel does not address why many of his entries were necessary and reasonable.

This Court relies heavily upon the reasoning and citations to authority in *McGhee v. Buffaloe & Assocs.*, PLC, No. 2:12-CV-333, 2014 WL 2871479, at *1 (E.D. Tenn. June 24, 2014), which addresses most of the issues raised by the defendants. Furthermore, the defendants' arguments are well-taken. First, the time spent in drafting two form-based Complaints is excessive and unreasonable. Second, the time spent drafting responses to the Motion to Consolidate and drafting the Fee Petitions is excessive and unreasonable. Third, the time spent reviewing Court orders and correspondence is excessive and unreasonable. Fourth, the time billed for communicating with the plaintiff is excessive. Fifth, the time billed for drafting the Rule 26(f) report is unreasonable. Sixth, much of the work was unneeded,

5

considering the timing of the Offers of Judgment. Seventh, the fees incurred for preparation of the fee petition must be reduced. Finally, the hourly rate must be reduced to $250.00.

The Court will address each of these reductions via the spreadsheet attached to this Order in line item format.[2] In sum, the plaintiff's motions are GRANTED IN PART AND DENIED IN PART. Counsel shall be awarded fees and costs; however, the fees sought shall be reduced to a total of $2,033.88 and total costs of $938.37.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE

---

[2] The spreadsheet was originally attached to defendants' filings as Exhibit 26-1. The Court's spreadsheet has the additional column which includes the Court's ruling.